# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 06-30017 |
| ) | |
| ROBERT MCINTIRE, ) | |
| ) | |
| Defendant. ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Defendant Robert McIntire's Motion to Disclose the Identity of the Confidential Informant (d/e 12) (Motion to Disclose).  McIntire seeks an order directing the United States to disclose the identity of the confidential informant (CI) who signed an affidavit that was presented in connection with a sworn request by a police officer for a search warrant that allegedly led to the discovery of evidence upon which the instant charges are based.  For the reasons set forth below, the Motion to Disclose is denied.

On May 3, 2005, a search warrant was issued by a state court judge in Adams County, Illinois, allowing the search of McIntire's residence, located at 522 Jackson Street, Quincy, Illinois and the seizure of cannabis,

proof of residency and U.S. currency.  <u>Motion to Suppress Evidence Derived From Unlawful Execution of a Search Warrant (d/e 9)</u> (Motion to Suppress), Ex. C.  The Complaint for the search warrant was signed and sworn by Officer Lee Mangold of the Quincy Police Department.  <u>Id</u>., Ex. A (Sworn Complaint).  Attached to Officer Mangold's request was an affidavit in support by a CI, identified only as "Jane Doe."  <u>Id</u>., Ex. B (Jane Doe Affidavit).  According to information provided by the Government in response to inquiry by this Court, both Officer Mangold and the CI personally appeared before the issuing judge in connection with the application for the search warrant.  <u>Government's Response to the Court's Order for Clarification (d/e 15)</u> (Government's Clarification), p. 2.  At that time, the issuing judge made inquiries of the CI, involving the CI's identity, background, and the contents of the Jane Doe Affidavit.  <u>Id</u>.

     Law enforcement officials searched McIntire's residence pursuant to the May 3, 2005 warrant.  In that search, law enforcement officials allegedly found and seized marijuana plants and methamphetamine.  The instant charges were filed as a result of this search and seizure.

     McIntire has filed a Motion to Suppress all of the evidence obtained as a result of the May 3, 2005 warrant, which has been referred to this Judge

for Report and Recommendation.  See Text Order, dated March 28, 2006. Defendant's Motion to Disclose is inextricably intertwined with his Motion to Suppress.  The Motion to Suppress raises two alternative arguments for suppression.  First, McIntire asserts that the information contained in the Sworn Complaint and the Jane Doe Affidavit is insufficient on its face to establish probable cause.  In the alternative, he seeks a hearing under Franks v. Delaware, which, in limited circumstances, allows a defendant to obtain a hearing to challenge an allegedly false affidavit used to obtain a search warrant.  See Franks, 438 U.S. 154 (1978).  McIntire's Motion to Disclose is related to his request for a Franks hearing.

   The Court has reviewed copies of the Sworn Complaint and the Jane Doe Affidavit which are attached as exhibits to McIntire's Motion to Suppress.  In the Jane Doe Affidavit, the CI states that she had been in McIntire's residence within the 72 hours prior to the affidavit.  The CI further states that, while inside McIntire's residence, she observed what appeared to be several pounds of a green leafy substance which she knew to be cannabis based on the fact that she had used cannabis on numerous occasions and was familiar with its appearance and smell.  The CI stated that she had purchased cannabis from McIntire on several occasions in the

past from inside the residence.  The CI noted that she identified McIntire's residence to Officer Mangold in a drive-by and identified a photograph of McIntire as the person from whom she had purchased cannabis at the residence in the past.

The Jane Doe Affidavit is incorporated into Officer Mangold's sworn statement requesting a search warrant which sets forth the following facts: (1) Mangold met with Jane Doe within the 48 hours preceding his statement and she provided him with the information set out in the Jane Doe Affidavit; (2) another officer ran a criminal history check of McIntire which revealed an outstanding non-extraditable probation violation warrant out of Oregon for a previous conviction for manufacturing a controlled substance; and (3) Mangold received information in the past from confidential sources that McIntire was involved in selling methamphetamine.  Mangold stated that he believed the information provided by Jane Doe to be correct.  Specifically, Mangold stated that he knew marijuana to be a green leafy substance as described by Jane Doe, that he conducted a drive-by in which Jane Doe identified McIntire's residence, and that Jane Doe identified McIntire in a photograph.

From the information presented to the Court, including the Government's Clarification, the Court strongly believes that the information presented to the issuing state court judge is sufficient to support a finding of probable cause. Thus, when the Report and Recommendation is issued on the Motion to Suppress, this Court will recommend that the District Court reject McIntire's first argument for suppression. Given this recommendation, an analysis of McIntire's request for disclosure of the CI's identity to meet the threshold for a Franks hearing becomes necessary.

In order to secure a Franks hearing, McIntire must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause." Franks, 438 U.S. at 155-56. He "must offer direct evidence of the affiant's state of mind or inferential evidence that the affiant had obvious reasons for omitting facts in order to prove deliberate falsehood or reckless disregard." United States v. Souffront, 338 F.3d 809, 822 (7th Cir. 2003) (internal citation and quotation omitted). If McIntire makes the required showing of intentional or reckless

falsehood, a hearing must be granted only if the affidavit would be insufficient to establish probable cause without the false statement. Id.

In the instant Motion to Disclose, Defendant asks the Court to order the United States to disclose the identity of the CI.[1] McIntire asserts that disclosure is necessary to allow him to fully develop his argument (1) that the CI lied in the Jane Doe Affidavit and (2) that Officer Mangold acted recklessly in believing the CI's statements. The Government asserts that it is entitled to withhold the CI's identity under the confidential informant privilege.

"The 'confidential informant privilege' protects from disclosure an informant's identity and his communications with the government that may tend to reveal his identity. The government is granted this limited privilege as a right, and need not make a threshold showing of likely reprisal or retaliation against the informant in order to assert the privilege." United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994) (citations omitted). A defendant can overcome the confidential informant privilege by demonstrating a need for the identity; however, he must meet this burden in

---

[1] McIntire, citing Brady v. Maryland, states that he is also seeking evidence of any motive Jane Doe had to lie and information on whether she is a drug user. See Brady, 373 U.S. 83 (1963). McIntire, however, fails to develop this argument. Thus, the Court will not address it at this time. If McIntire wishes to proceed on this Brady issue, he should file a separate motion.

the face of an assumption that the privilege should apply.  Id.

Both parties cite the Court to Roviaro v. United States, 353 U.S. 53, 60 (1957).  In Roviaro, the Supreme Court recognized that the Government has a limited privilege to withhold the identity of a confidential informant.  Id. at 60.  The Supreme Court noted that the purpose of this limited privilege "is the furtherance and protection of the public interest in effective law enforcement.  The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." Id. at 59.  Thus, in determining whether to order disclosure of the identity of a confidential information, the Court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." Id. at 62.  Under Roviaro, the Government may withhold the identity of a confidential informant in furtherance of the public interest in law enforcement unless the identity is "relevant and helpful to the defense of an accused" or "essential to a fair determination of the cause."  Id. at 59-61.

The Court need not linger over McIntire's first argument, i.e., that he needs the identity information to gain a Franks hearing based on an argument that the CI lied. As the Seventh Circuit has recognized, the Franks inquiry "must focus on the state of mind of the warrant affiant, that is the police officer who sought the search warrant." United States v. Jones, 208 F.3d 603, 607 (7th Cir. 2000). "'[T]he fact that a third party lied to the affiant, who in turn included the lies in a warrant affidavit, does not constitute a Franks violation. A Franks violation occurs only if the affiant knew the third party was lying, or if the affiant proceeded in reckless disregard of the truth.'" Id. (quoting United States v. McAllister, 18 F.3d 1412, 1417 (7th Cir. 1994)). Jones is similar factually to the instant case in that a confidential source provided the police with information in a sworn affidavit which was attached to and incorporated within an officer's affidavit and complaint for a search warrant. The confidential informant in Jones also appeared before the issuing magistrate in connection with the request for the search warrant. Jones sought a Franks hearing based on alleged false information provided by the confidential informant. The Seventh Circuit labeled the argument that Jones was entitled to a Franks hearing based on alleged false information provided by the confidential information

to be "misdirected" and rejected it.  Id. at 606-607.  Thus, the issue is not whether the CI lied, but whether Officer Mangold acted recklessly in believing the alleged lie and presenting it to the issuing judge.  As a result, the Court finds that McIntire fails to show that the CI's identity would be either relevant and helpful or essential to a fair determination of the cause on this basis.  The Court turns to McIntire's second argument for disclosure.

McIntire asserts that disclosure is necessary to allow him to fully develop his argument that Officer Mangold acted recklessly in believing the CI.  The Court notes that McIntire concedes that he cannot show that Officer Mangold had any actual knowledge of the alleged falsity of the CI's information.  Thus, as previously stated, the focus of the inquiry is on Officer Mangold's alleged recklessness.  As set forth below, the Court finds that McIntire has failed to show that the disclosure of the CI's identity is relevant and material or essential to a fair determination of the cause based on his request for a Franks hearing on this basis.

In order to secure a Franks hearing, McIntire must make a substantial preliminary showing that Officer Mangold recklessly included a false statement in the affidavit, and that the false statement is material to support a finding of probable cause.  In an attempt to meet his burden on the false

statement prong, McIntire has presented an affidavit asserting that the CI lied about seeing pounds of marijuana. Defendant's Reply in Support of Motion to Suppress (d/e 13), Ex. A, McIntire Affidavit. McIntire, however, admits that he had a small amount of marijuana for personal use in a silver can on a table and in a glass jar in his bedroom. Id. McIntire's Affidavit further asserts that unless the CI is one certain named female, she lied about being in his residence within 72 hours prior to signing the Jane Doe Affidavit on May 3, 2005. Id. Assuming that McIntire's affidavit constitutes a substantial preliminary showing that these two statements are false, the Court believes that at least the timing statement would be material to the probable cause determination.

 McIntire asserts that disclosure is necessary to allow him to fully develop his argument that Officer Mangold acted recklessly in incorporating the CI's statements into his warrant affidavit. McIntire, however, fails to overcome the confidential informant privilege in this regard. As an initial matter, the Court notes that the instant case is distinguishable from Roviaro in one significant way. In Roviaro, the defendant sought disclosure of a CI's identity in connection with an actual trial at which guilt or innocence was at stake. Here, McIntire seeks disclosure in connection with a challenge on

the preliminary issue of probable cause.  See McCray v. State of Illinois, 386 U.S. 300, 310-11 (1967).  The CI in the instant case was not a transactional witness, but rather a "tipster."  Jane Doe supplied the police with information that led to the acquisition of a search warrant.  It was the results of the subsequent search, and not any criminal activity witnessed by the CI, that formed the basis for the instant charges.  Defendant does not argue that Jane Doe's testimony would be relevant to whether, on May 3, 2005, McIntire knowingly and intentionally possessed a controlled substance with intent to distribute it (Count 1) or knowingly and intentionally manufactured a controlled substance (Count 2).

     Moreover, the public interest against disclosure in the instant narcotics case is strong.  As the Seventh Circuit has recognized, "not many people want to become police informants in light of the violence within the drug subculture.  Drug dealers are not known for treating informers with compassion."  United States v. Bender, 5 F.3d 267, 270 (7th Cir. 1993).

     The Sworn Complaint sets forth the steps Officer Mangold took to corroborate the CI's information.  The Court notes that the CI signed a sworn affidavit attesting to the information she provided Officer Mangold.  Moreover, both Officer Mangold and the CI personally appeared before the

issuing judge, and the Government asserts that the issuing judge made inquiries of the CI to test her veracity. McIntire has failed to develop any evidence that could support a finding that Officer Mangold acted recklessly in incorporating the CI's information into his warrant affidavit. Furthermore, McIntire fails to explain how disclosure of the CI's identity would tend to show that Officer Mangold acted recklessly. Rather, McIntire appears to be asking this Court's permission to conduct a "fishing expedition." The Seventh Circuit has stated that the confidential informant privilege "will not yield to permit a mere fishing expedition nor upon bare speculation that the information may possibly prove useful." Dole v. Local 1942, Intern. Broth. of Elec. Workers, AFL-CIO, 870 F.2d 368, 373 (7th Cir. 1989). Therefore, in balancing the facts and procedural posture of the instant case, the Court finds that McIntire has failed to show a credible need for the identity information that is greater than the important public policy considerations underlying the confidential informant privilege. His request for disclosure of the CI's identity is denied on this basis as well.

    THEREFORE, for the reasons set forth above, Defendant Robert McIntire's Motion to Disclose the Identity of the Confidential Informant (d/e 12) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: May 18, 2006.

   FOR THE COURT:

          s/ Byron G. Cudmore
          _____
          BYRON G. CUDMORE
          UNITED STATE MAGISTRATE JUDGE