IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 06-30017 |
| ROBERT McINTIRE, | ) ) ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Defendant Robert McIntire's Objection to the U.S. Magistrate Judge's Report and Recommendation on Motion to Suppress (Pursuant to 28 U.S.C. § 636) (d/e 19) (Objection). United States Magistrate Judge Byron Cudmore issued a Report and Recommendation (d/e 17) in which he recommended denial of the Defendant's Motion to Suppress Evidence Derived from Unlawful Execution of a Search Warrant (d/e 9). McIntire filed an Amended Motion to Suppress Evidence Derived from Unlawful Execution of a Search Warrant (d/e 21). The Amended Motion corrects a factual error in the original Motion which was not material to the decision. The original Motion (d/e

1

9) was stricken. Minute Entry dated June 19, 2006. The Court will therefore review the Report and Recommendation, and the Objection, with respect to the Amended Motion. This Court reviews such matters de novo. 28 U.S.C. § 636(b)(1)(C). Upon de novo review, the Court overrules the Objection and adopts Judge Cudmore's Report and Recommendation.

## STATEMENT OF FACTS

On May 3, 2005, Quincy Police Officer Lee Mangold appeared with a confidential informant before a state court judge in Adams County, Illinois, to seek a warrant to search McIntire's residence located at 522 Jackson Street, Quincy, Illinois. Mangold signed under oath before the judge an Application for a warrant to search the residence for cannabis, proof of residency, and U.S. currency. The confidential informant, identified as Jane Doe, also signed an Affidavit under oath before the judge. Her Affidavit was incorporated into the Application. The judge signed the acknowledgments of both Mangold's Application and Jane Does' Affidavit. Motion to Suppress, Exhibits A, B and C.

Jane Doe stated in her Affidavit that she had been in McIntire's residence within seventy-two hours prior to the execution of the Affidavit. She further stated that while in the residence she observed what appeared

2

to be several pounds of a green, leafy substance which she knew to be cannabis. She knew this because she had used cannabis on numerous occasions and so was familiar with its appearance and smell. She further stated that she had purchased cannabis from McIntire on several occasions in the past from inside the residence. Id., Exhibit B.

Mangold stated under oath in the Application that: (1) he met with Jane Doe within forty-eight hours preceding his statement, and she provided him with the information set out in her Affidavit; (2) another officer ran a criminal history check on McIntire which revealed an outstanding non-extraditable probation violation warrant out of Oregon for a previous conviction for manufacturing a controlled substance; (3) he received information in the past from confidential sources that McIntire was involved in selling methamphetamine; (4) he believed that the information provided by Jane Doe was correct; (5) he knew marijuana to be a green, leafy substance as described by Jane Doe; (6) he and the informant conducted a drive-by in which Jane Doe identified McIntire's residence; and (7) Jane Doe identified McIntire's photograph. Id., Exhibit A. Based on this submission and the informant's personal appearance before him, the judge issued the warrant. Upon execution of the warrant, officers found

3

marijuana plants and methamphetamine. The evidence to support charges pending in this case are the result of the search. McIntire seeks to suppress that evidence.

McIntire raises two claims in his Motion. He argues that the Application and Affidavit are insufficient to establish probable cause. He also asks for a hearing under Franks v. Delaware because he claims that Jane Doe's Affidavit was false and that Mangold acted recklessly in presenting her before the state court judge. Franks, 438 U.S. 154 (1978). In Franks, the Supreme Court held that the Fourth Amendment requires the Court to hold an evidentiary hearing into the truthfulness of an allegation in an affidavit submitted in support of a warrant application if the defendant makes a substantial preliminary showing that the affiant made a false statement either knowingly and intentionally or in reckless disregard for the truth, and that the false statement was necessary to the finding of probable cause. Id. at 155-56. McIntire claims that the informant lied in the Affidavit about observing marijuana in his residence within the seventy-two hours preceding her execution of the Affidavit. McIntire presents no evidence regarding Mangold's awareness of this falsehood.

## ANALYSIS

Judge Cudmore properly concluded that this case is controlled by the Seventh Circuit's decision in United States v. Jones, 208 F.3d 603 (7th Cir. 2000). Report and Recommendation at 9-10. The facts in the two cases are almost identical, and Defendant Jones made the same two arguments that McIntire makes in this case, both of which were rejected by the Seventh Circuit. In Jones, an officer and a confidential informant appeared before a state court judge to seek a warrant to search Jones' residence in Springfield, Illinois. The officer signed the application under oath and the informant signed an affidavit. The informant stated that she had gone to Jones' residence the day before to purchase marijuana. She stated in her affidavit that she had purchased one pound of marijuana and that Jones had "fronted" her a second pound of marijuana that she agreed to pay for within a few days. The informant stated that Jones told her that he kept a pistol at the house to protect his drug supply and that he had been in jail in the past. The officer stated under oath that he drove the informant by the residence, and she identified the residence. The officer confirmed that one of the vehicles parked in front of the residence was registered to Jones. The officer further checked the criminal history of Jones. Based on this information, and the personal appearance of the confidential informant

5

before the state court judge, the judge issued a warrant. <u>Jones</u>, 208 F.3d at 605-06.

Jones argued that there was no probable cause to issue the warrant and that a <u>Franks</u> hearing was required because the confidential informant lied in her affidavit. <u>Jones</u>, 208 F.3d at 606. These are the same two claims that McIntire makes here. The Seventh Circuit rejected both claims. The Seventh Circuit held that a <u>Franks</u> hearing was not warranted absent a showing that the officer who signed the application under oath made a false statement knowingly and intentionally or with reckless disregard for the truth. <u>Id.</u> at 607. The relevant affidavit for the <u>Franks</u> analysis was the officer's sworn statement. <u>Id.</u> The fact that the informant may have lied on a separate affidavit did not warrant a <u>Franks</u> hearing. <u>Id.</u> McIntire, like Jones, made no showing that the officer lied in his sworn statement. Thus, like Jones, McIntire has not made the necessary showing to receive a <u>Franks</u> hearing.

The Seventh Circuit further held that the amount of information presented to the state court judge in <u>Jones</u> was sufficient to support a finding of probable cause. <u>Id.</u> at 608-09. This Court defers to the warrant-issuing judge's determination of probable cause if there is substantial

6

evidence in the record to support the decision. United States v. Koerth, 312 F.3d 862, 865 (7th Cir. 2002). When the facts and circumstances submitted in the affidavit are derived from a confidential informant, the legitimacy of a probable clause determination turns on the informant's reliability, veracity and basis of knowledge. United States v. Olson, 408 F.3d 366, 370 (7th Cir. 2005). To assess credibility, the Court considers whether the informant: (1) had firsthand knowledge; (2) provided sufficient details; (3) relayed information which was subsequently corroborated; and (4) testified at a probable cause hearing. Id. The Court can also consider the time interval between the informant's observation of events and the application for the warrant. Koerth, 312 F.3d at 866.

The Jones Court found that the warrant-issuing judge had a sufficient basis to find probable cause. The Seventh Circuit found critically important the fact that the informant appeared personally before the state court judge, and so the judge had an opportunity to determine firsthand the credibility of the informant. Jones, 208 F.3d at 609. This case is almost identical to the Jones case, and based on Jones, it is clear that the state court judge had a sufficient basis to find probable cause to issue the warrant.

McIntire argues that the record does not support Judge Cudmore's

finding that the informant appeared before the state court judge. The Court disagrees. The Affidavit was signed under oath in front of the state court judge; the judge acknowledged the signature. <u>Motion to Dismiss</u>, Exhibit B. There is no evidence contradicting the judge's acknowledgment. The Government initially made an erroneous statement in its Response to the Motion that the informant did not appear before the judge. <u>Government's Response to Defendant's Motion to Suppress (d/e 11)</u> at 5. The Government later corrected this error. <u>Government's Response to Court's Order for Clarification (d/e 15)</u>. The evidence presented, <u>i.e.</u>, the Affidavit, supports the finding that the informant personally appeared before the judge.

McIntire also argues that the issue of whether a lie by a third party non-state official in an affidavit attached to a warrant application is sufficient to require a <u>Franks</u> hearing is a case of first impression in the Seventh Circuit. The Court disagrees. The <u>Jones</u> case is directly on point, and the Seventh Circuit found no <u>Franks</u> hearing was required even if an informant supplied a false affidavit.

Finally, McIntire argues that Mangold made a statement in reckless disregard of the truth when he stated in the Application that he believed

8

that the informant's information was correct-- because he did not conduct a controlled buy of drugs from McIntire at his residence to corroborate the informant's story. McIntire cites no authority for this proposition, and the Court is not aware of any case holding that an officer acts in reckless disregard of the truth if he represents that he believes that information from an informant is accurate, without first conducting a controlled buy to verify the informant's statements. The Court does not believe that the <u>Franks</u> decision imposes such an obligation on law enforcement officials.

THEREFORE, Defendant Robert McIntire's Objection to the U.S. Magistrate Judge's Report and Recommendation on Motion to Suppress (Pursuant to 28 U.S.C. § 636) (d/e 19) is OVERRULED. The Court adopts the Report and Recommendation (d/e 17). Defendant McIntire's Amended Motion to Suppress Evidence Derived from Unlawful Execution of a Search Warrant (d/e 21) is DENIED.

IT IS THEREFORE SO ORDERED.

ENTER: July 6, 2006.

FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                                        UNITED STATES DISTRICT JUDGE